

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY JOE REICKENBACKER | CIVIL ACTION |
| VERSUS | NO. 00-301 |
| BURL CAIN, WARDEN | SECTION "B" (2) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that no federal evidentiary hearing is necessary. See 28 U.S.C. § 2254(e)(2). For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** because it is untimely.

DATE OF ENTRY
MAY 3 2000



I.   PROCEDURAL BACKGROUND

Petitioner, Bobby Joe Reickenbacker,[1] is an inmate at the Louisiana State Penitentiary in Angola, Louisiana. After pleading guilty to one charge of being a convicted felon in possession of a firearm and one count of attempted first degree murder, he was convicted on January 11, 1996 in the Twenty-Second Judicial District Court for the Parish of St. Tammany. He was sentenced to serve ten years on each count to run concurrently with each other and with the sentence he was serving in Texas. State Record, Vol. 1 of 1, sentencing transcript at 43. Reickenbacker filed a motion to reconsider sentence, which was denied by the trial court on January 31, 1996. State Record, Vol. 1 of 1. Petitioner did not appeal his guilty plea, conviction or sentence.

On January 8, 1999, Reickenbacker filed an application for post-conviction relief in the trial court, which was denied on January 19, 1999. State Record, Vol. 1 of 1. He filed a writ application with the Louisiana First Circuit Court of Appeal, which was denied on May 6, 1999. State ex rel Reickenbacker v. State, No. 99-KW-0565 (La. Ct. App. 1st Cir. May 6, 1999), State Record, Vol. 1 of 1. Petitioner's subsequent writ application to the Louisiana Supreme Court was denied on November 5, 1999. State ex rel Reickenbacker v. State, No. 99-KH-1700, 1999 WL 1038717, at *1 (La. Nov. 5, 1999).

The instant habeas corpus petition raises the following claims: petitioner's trial counsel rendered ineffective assistance by (1) incorrectly advising Reickenbacker regarding

---

[1] The original petition misspelled petitioner's name as Rieckenbacker. Record Doc. No. 1.

2

good-time credit and (2) by advising him to plead guilty to attempted first degree murder when his conduct may have amounted to a lesser offense.

II.   ANALYSIS

   A.   The Antiterrorism and Effective Death Penalty Act of 1996

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[2] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Reickenbacker's petition, which, for reasons discussed below, was deemed submitted to this Court no earlier than January 15, 2000 and was actually filed in this Court on February 18, 2000.

The threshold question in habeas review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b) and (c)).

The State in this case argues that Reickenbacker's petition is untimely.

---

[2]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

B.    Reickenbacker's Petition Is Barred by the Statute of Limitations

The State contends that petitioner's writ application is time-barred under the AEDPA. Section 2244(d)(1) of the amended statute requires a petitioner to bring his Section 2254 claims within one year of the date his conviction became final.[3] Reickenbacker's conviction became final on February 5, 1996, five days after his motion to reconsider sentence was denied on January 31, 1996 and he failed to appeal. La. Code Crim. Pro. art. 914(B)(2).

---

[3]Specifically, Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Under the plain language of the AEDPA, Reickenbacker had until February 5, 1997, one year after his conviction became final, to file a timely federal application for post-conviction relief, but he failed to do so. Thus, literal application of the AEDPA would bar his Section 2254 petition as of February 5, 1997, a little more than nine months after the amended statute's effective date.

However, the Fifth Circuit disapproved such a literal application of the statute and granted habeas petitioners <u>one year after the effective date</u> of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. <u>Flanagan</u>, 154 F.3d at 200; <u>United States v. Flores</u>, 135 F.3d 1000, 1004 (5th Cir. 1998). "<u>Flores</u> concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." <u>Flanagan</u>, 154 F.3d at 200 (quoting <u>Flores</u>, 135 F.3d at 1004-1005). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." <u>Id.</u> (citing <u>Flores</u>, 135 F.3d at 1005).

Although Reickenbacker's conviction became final before the AEDPA's effective date, he still had more than nine months after its effective date in which to file a timely habeas corpus petition to meet the deadline of one year after his conviction became final. Thus, his petition would not have been time-barred <u>before</u> the AEDPA's effective date,

as the <u>Flanagan</u> and <u>Flores</u> petitions would have been. However, giving Reickenbacker the benefit of the full one-year extension until April 24, 1997 announced in <u>Flanagan</u> and <u>Flores</u> for petitioners like Reickenbacker whose <u>convictions</u> became final before the AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997.

Applying the mailbox rule, the earliest date on which Reickenbacker's petition to this Court could be deemed filed is January 15, 2000.[4] Thus, his petition was filed approximately two years and nine months after the April 24, 1997 deadline imposed by the AEDPA and must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only in "rare and exceptional circumstances." <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999); <u>Cantu-Tzin v. Johnson</u>, 162 F.3d 295, 299 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 847 (1999); <u>Davis</u>

---

[4]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the Court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995); <u>Lara v. Johnson</u>, 141 F.3d 239, 241 n.2 (5th Cir. 1998); <u>Thompson v. Raspberry</u>, 993 F.2d 513, 515 (5th Cir. 1993). Reickenbacker's application was filed by the Clerk of Court on February 18, 2000, after his application for in forma pauperis status was denied. He signed and dated the application for habeas corpus relief on January 15, 2000, which would be the earliest date when he could have delivered the petition to prison officials for mailing.

v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999). In this case, Reickenbacker has asserted no reasons that might constitute exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Coleman, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 & n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Second, the AEDPA itself provides for interruption of the one-year limitations period, by stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Rather, decisions of the Fifth

Circuit and other courts cited below have held that this statute is a tolling provision in that the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period.

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, No. 98-6747, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpubl. opin.); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998), appeal dismissed, No. 98-7784, 1999 WL 270370, at *1 (4th Cir. May 4, 1999).

Reickenbacker's conviction became final on February 5, 1996, when he took no appeal from the denial of his motion to reconsider sentence. He did not file his application for post-conviction relief in the state trial court until January 8, 1999, approximately twenty-one months after the AEDPA one-year limitations period had expired on April 24, 1997. Because he had no pending application in the state courts during the one-year period following the finality of his conviction and sentence, the tolling provision of Section 2244(d)(2) does not apply. Thus, the statute of limitations on Reickenbacker's federal habeas petition expired approximately two years and nine months before he filed it in this

Court on January 15, 2000. His petition is time-barred and should be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the petition of Bobby Joe Reickenbacker for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2d day of May, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE