FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 28 AM 11:52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY JOE REICKENBACKER              CIVIL ACTION

VERSES                               NO. 00-301

BURL CAIN, WARDEN                    SECTION "B" (2)

### ORDER AND REASONS

Having reviewed the Clerk's record, the Magistrate Judge's Report and Recommendation, the objections to same, and applicable law, **IT IS ORDERED** that Bobby Joe Rieckenbacker's objections are **OVERRULED** and the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation as its opinion in this case.

The Magistrate Judge correctly found that petitioner's *habeas corpus* application was time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal *habeas corpus*



DATE OF ENTRY
SEP 2 8 2001

legislation, including 28 U.S.C. § 2254. The AEDPA became effective on April 24, 1996 and applies to habeas petitions filed after that date; however, the one-year statute of limitations in § 2254 was extended to April 24, 1997 for *habeas* corpus petitioners, like Reickenbacker, whose convictions were final prior to the April 26, 1996 effective date of the AEDPA. *Flanagan v. Johsnon*, 154 F.3d 196 (5th Cir. 1998). Reickenbacker's conviction became final on February 5, 1996, five days after his motion to reconsider sentence was denied January 31, 1996 and he failed to appeal. La. Code Crim. Pro. Art. 914(B)(2). Nevertheless, under § 2254 Petitioner had until April 24, 1997 to file an application for federal habeas relief. Petitioner failed to meet this deadline when he filed his application on January 8, 1999. Thus, Petitioner's claims are not timely filed.

The record supports the Magistrate Judge's determination of applicable tolling periods. However, Reickenbacker asserts that special circumstances, including his manic depression, warrant equitable tolling of the one-year limitation period of § 2254(d)(1). Petitioner relies on *Fisher v. Johnson*, 174 F.3d 710 (Ct. App. 5th 1999), to bolster his argument. However, Petitioner's reliance is misplaced since the *Fisher* Court found

that while mental incompetency might support an equitable tolling of the limitation period, a brief period of incapacity during the one-year statute of limitation does not necessarily warrant tolling. *Id.* at 715. As in *Fisher*, Petitioner was fully aware of the AEDPA statute of limitation and failed to timely file.

Indeed, nothing in the present record indicates Petitioner's inability to present this petition on a timely basis. He still had time and ability, despite his depression, to pursue other litigation as a party, including an attack upon prison conditions which he acknowledged in the opposition to the Magistrate Judge's Report and Recommendation. *See also, State ex. rel. Reickenbacker*, 751 So.2d 236 (La. 1999);   *Reickenbacker v. Lennon*, 472 U.S. 1019, 105 S.Ct. 3482 (Mem.), 87 L.ED.2d 616 (1985) (cited to show petitioner's prior experience as a litigant). Even petitioner acknowledges that he is mentally competent. There is no allegation or basis to believe that prison officials denied petitioner reasonable access to the courts while he was in either disciplinary or medical tiers. Limited access to courts by inmates is not unconstitutional or unreasonable; the unreasonable denial of access is sanctionable.

Further, the *pro se* status or ignorance of filing deadlines do

not alone justify equitable tolling. *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992); *Barrow v. New Orleans S.S. Assoc.,* 932 F.2d 473, 478 (5th Cir. 1991). Petitioner further argues that the AEDPA violates the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, basing his argument on *Villegas v. Johnson,* 184 F.3d 467 (5th Cir. 1999). *Villegas* stands for the proposition that 28 USC § 2254(d)(2) authorizes tolling of the AEDPA's statute of limitations while a petition for post-conviction relief is pending in state courts. *Id.* at 473. However, Petitioner fails to assert any claim that his AEDPA statute of limitation should be tolled for this reason. Moreover, the Magistrate Judge's findings in this regard are supported by the record. Accordingly,

**IT IS FURTHER ORDERED AND ADJUDGED** that the instant petition for §2254 relief is **DISMISSED** as untimely filed.

New Orleans, Louisiana, this 28th day of September, 2001.

_____
UNITED STATES DISTRICT JUDGE